# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Marco Figueroa

### DEFENDANTS
AHEAD, Inc. and Computer Design & Integration, LLC

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kevin Console, Esquire of Console Mattiacci Law
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 12101, et seq.; 43 P.S. § 951, et seq. ; and 29 U.S.C. §2601, et seq.

Brief description of cause:
Plaintiff was discriminated & retaliated against because of his disability in violation of Federal and State Law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** in excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/03/2026

SIGNATURE OF ATTORNEY OF RECORD: /s/

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Feasterville, PA

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?     Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?     Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?     Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?     Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply?     Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / [X] **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Wage and Hour Class Action/Collective Action
6. ☐ Patent
7. ☐ Copyright/Trademark
8. [X] Employment
9. ☐ Labor-Management Relations
10. ☐ Civil Rights
11. ☐ Habeas Corpus
12. ☐ Securities Cases
13. ☐ Social Security Review Cases
14. ☐ Qui Tam Cases
15. ☐ Cases Seeking Systemic Relief **see certification below**
16. ☐ All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)*:_____
7. ☐ Products Liability
8. ☐ All Other Diversity Cases: *(Please specify)*_____
   _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / [X] **does not** have implications beyond the parties before the court and ☐ **does** / [X] **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| MARCO FIGUEROA | : | CIVIL ACTION |
| v. | : | |
| AHEAD, Inc.,et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 02/03/2026 | _/s/_ | Plaintiff, Marco Figueroa |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 545-7676 | (215) 689-4137 | kevinconsole@consolelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARCO FIGUEROA** <br> Feasterville, PA 19053 <br><br> *Plaintiff*, <br><br> V. <br><br> **AHEAD, INC.** <br> 820 Adams Avenue <br> Audubon, PA 19403 <br><br> **COMPUTER DESIGN & INTEGRATION, LLC** <br> 820 Adams Avenue <br> Audubon, PA 19403 <br><br> *Defendants*. | **CIVIL ACTION NO.:** <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

**I.     INTRODUCTION**

Plaintiff, Marco Figueroa, brings this action against his former employers, AHEAD, Inc. and Computer Design & Integration LLC, (collectively, "Defendants"), for discriminating against Plaintiff based upon his disability (multiple sclerosis), retaliating against Plaintiff for seeking reasonable accommodations for his disability, and retaliating against Plaintiff for exercising his FMLA rights.

Defendants' unlawful conduct includes, without limitation, failing to provide Plaintiff with a reasonable accommodation for his disability, terminating Plaintiff's employment, and failing to hire Plaintiff into positions for which he was qualified, in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act,

1

29 U.S.C. §2601, *et seq.* ("FMLA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. § 951, *et seq.* ("PHRA").

Plaintiff seeks damages, including economic loss, compensatory damages, punitive damages, liquidated damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

## II.     PARTIES

4.      Plaintiff, Marco Figueroa, is an individual and a citizen of the Commonwealth of Pennsylvania. He resides in Feasterville, PA.

5.      Plaintiff is disabled within the meaning of the ADA, including history of and regarded as. Plaintiff suffers from multiple sclerosis, which he was diagnosed with in or about September 2018, and which substantially limits one or more major life activities.

6.      Defendant AHEAD, Inc. is organized under the laws of Pennsylvania with a place of business located at 820 Adams Avenue, Audubon, PA 19403 and headquarters at 444 W. Lake Street, Suite 3000, Chicago, IL 60606.

7.      Defendant Computer Design & Integration, LLC is organized under the laws of New York with a place of business located at 820 Adams Avenue, Audubon, PA 19403 and headquarters at 500 Fifth Avenue, Suite 1500, New York, NY.

8.      At all material times, Defendants acted as a single employer, joint employers, integrated enterprise, and/or alter egos, sharing common ownership, personnel policies, procedures, and employment practices; presenting themselves as a single company to third parties; maintaining common offices and websites; and collectively causing the actions complained of herein.

9. Defendant Ahead, Inc. is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

10. Defendant Computer Design & Integration, LLC is engaged in an industry affecting interstate commerce and regularly does business in the Commonwealth of Pennsylvania.

11. At all times material hereto, Defendants employed fifty (50) or more employees within seventy-five (75) miles of Plaintiff's work location.

12. At all times material hereto, Plaintiff worked for at least twelve hundred fifty (1,250) hours in the twelve (12) months preceding his request to initiate FMLA leave.

13. At all times material hereto, Defendants acted by and through authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of their business.

14. At all times material hereto, Defendants, collectively and individually, were employers within the meaning of the statutes which form the basis of this matter.

15. At all times material hereto, Plaintiff was an employee of Defendants within the meaning of the statutes which form the basis of this matter.

**III. JURISDICTION AND VENUE**

17. The causes of action which form the basis of this matter arise under the ADA, the FMLA, and the PHRA.

18. This Court has jurisdiction over Count I (ADA) pursuant to 42 U.S.C. §12117(a) and 28 U.S.C. §1331.

19. This Court has jurisdiction over Count II (FMLA) pursuant to 29 U.S.C. §2617(a)(2) and 28 U.S.C. §1331.

20. This Court has jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

21. Venue is proper in this District Court pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to these claims occurred within this District.

22. On or about March 21, 2024, Plaintiff filed a complaint of discrimination with the Pennsylvania Human Relations Commission ("PHRC"), complaining of the acts of discrimination alleged herein. That complaint was cross-filed with the U.S. Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein as Exhibit "1" is a true and correct copy of Plaintiff's PHRC complaint (with personal identifying information redacted).

23. Plaintiff received a Notice of Right-to-Sue letter from the EEOC dated November 25, 2025. Attached hereto and incorporated herein as Exhibit "2" is a true and correct copy of the Right-to-Sue Notice (with personal identifying information redacted).

24. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

IV. **FACTUAL ALLEGATIONS**

25. Plaintiff began working at Defendants' predecessor in or about February 2009.

26. Plaintiff consistently performed his job duties in a highly competent manner.

27. Plaintiff last held the position of Principal Consultant.

28. Plaintiff primarily worked remotely from his home office in Feasterville, PA and at Defendants' offices located in Audubon, PA.

29. Plaintiff last reported to David Hofreiter, Director.

30. Hofreiter reported to Frank Romano, President.

31. Romano reported to Richard Falcone, Chief Executive Officer.

32. In or about September 2018, Plaintiff was diagnosed with multiple sclerosis ("MS").

33. Defendants were aware that Plaintiff had been diagnosed with MS.

34. In or about December 2023, in a meeting between Plaintiff and Hofreiter:

   a. Plaintiff stated that he needed to undergo stem cell treatment in connection with his MS diagnosis in February or March 2024;

   b. Hofreiter stated that he would tell Romano about the same;

   c. Plaintiff stated that, due to his MS diagnosis, he was less stable on his feet than he used to be and he was worried about tripping since his balance and strength were not as good as they had been;

   d. Plaintiff requested a reasonable accommodation of not going to customer sites to rack equipment and instead training associates on the same, as he understood that Defendants wanted to train associates on racking equipment; and

   e. Hofreiter agreed but did not change anything moving forward.

35. Following the above, despite Plaintiff's reasonable accommodation request, Plaintiff continued to go to customer sites to rack equipment.

36. On or about February 5, 2024, in a meeting with Hofreiter, Plaintiff stated that he needed to take a medical leave of absence from March 1 to 8, 2024, to undergo stem cell treatment in connection with his MS diagnosis.

37. In response, Hofreiter stated that Plaintiff needed to take care of himself and that his health was the most important thing.

38. Plaintiff was scheduled to be out of work for six (6) days, on an FMLA medical protected leave of absence, due to his disability.

39. On or about February 9, 2024, Ryan Beglau, Principal Consultant, notified Defendants of his resignation, effective February 23, 2024.

40. On or about February 13, 2024, in a meeting with Hofreiter and Victoria Scott, Human Resources, Defendants terminated Plaintiff's employment, effective immediately.

41. Defendants' stated reason for terminating Plaintiff was that there was no position for Plaintiff at Defendants.

42. This stated reason is false.

43. There were three (3) Principal Consultant employees, including Plaintiff.

44. Beglau, who held one (1) of those three (3) Principal Consultant positions, had recently informed Defendants of his resignation.

45. Plaintiff stated that he did not understand.

46. Hofreiter repeated that there was no position for Plaintiff.

47. Plaintiff received no further information or explanation as to why he was being terminated.

48. On or about February 14, 2024, in a meeting with employees, Hofreiter announced that Plaintiff "was let go."

49. Hofreiter stated that the work that Plaintiff had been doing would be spread out to other employees.

50. Defendants falsely stated that there were no positions for Plaintiff at Defendants.

51. Plaintiff received no explanation, including the selection criteria, as to why he was terminated, while nondisabled employees, employees who had not sought reasonable accommodations and/or employees who had not exercised their FMLA right were retained.

52. Defendants terminated Plaintiff's employment because of his disability and/or him seeking a reasonable accommodation for his disability and/or him exercising his right to an upcoming FMLA protected medical leave of absence for his disability.

53. Defendants failed to select Plaintiff for or transfer him to any open or soon to be open position for which he was qualified because of his disability and/or him seeking a reasonable accommodation for his disability and/or him exercising his right to an upcoming FMLA protected medical leave of absence for his disability.

54. Before Plaintiff disclosed his disability and need for a medical leave of absence, he received no indication that his job was in jeopardy.

55. After more than fifteen (15) years of service, Plaintiff was terminated within eight (8) days of notifying Defendants that he was planning to take an FMLA protected leave of absence for his disability.

56. Plaintiff was the only employee directly reporting to Hofreiter who was terminated effective February 13, 2024.

57. Plaintiff's two (2) direct reports were retained when Plaintiff was terminated.

58. Compared to his two (2) direct reports, Plaintiff was more experienced and better qualified for the positions held by those two (2) direct reports.

59. At the time of Plaintiff's termination, the following employees, in addition to Plaintiff, were reporting to Hofreiter:

   a. Ryan Beglau, Principal Consultant; and

   b. Robert Olivio, Principal Consultant.

60. Plaintiff was more qualified for the Principal Consultant position as compared to the non-disabled employees retained in those positions.

61. Plaintiff was the only disabled employee directly reporting to Hofreiter.

62. Plaintiff was the only employee directly reporting to Hofreiter who had requested a reasonable accommodation for a disability.

63. Plaintiff was the only employee directly reporting to Hofreiter who had exercised his FMLA rights, including informing Hofreiter of an upcoming FMLA leave of absence.

64. Plaintiff had no performance or disciplinary issues throughout his employment.

65. Plaintiff was provided with no opportunity to remain employed with Defendants.

66. Plaintiff was given no opportunity to be placed into or to compete for the other Principal Consultant positions, including the Principal Consultant position being vacated as a result of Beglau's resignation.

67. Defendants failed to provide Plaintiff with any explanation for failing to place Plaintiff into or consider Plaintiff for the other Principal Consultant positions, including the Principal Consultant position being vacated as a result of Beglau's resignation.

68. Defendants assigned Plaintiff's job duties to nondisabled employees and/or employees who had not sought reasonable accommodations for a disability and/or employees who had not exercised their FMLA rights.

69. Some or all of Plaintiff's job responsibilities were reassigned to Brent Voltz, Senior Technical Consultant.

70. To Plaintiff's knowledge, Voltz does not suffer from a disability, had not requested a reasonable accommodation for a disability and had not exercised his FMLA rights.

71. Plaintiff was more qualified to perform his job duties as compared to the nondisabled employees to whom Defendants assigned Plaintiff's job duties.

8

72. Defendants' discriminatory and retaliatory conduct toward Plaintiff has caused Plaintiff emotional distress.

73. Plaintiff's disability, his requests for a reasonable accommodation and his FMLA-protected activity were motivating and determinative factors in Defendants' decision to terminate his employment and not offer him any opportunity to remain employed, including failing to place him into an open Principal Consultant position.

### **COUNT I - ADA**

74. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

75. By committing the foregoing acts of discrimination and retaliation against Plaintiff, including failing to provide Plaintiff with a reasonable accommodation, terminating Plaintiff's employment and failing to hire Plaintiff into an open position for which he was qualified, Defendants have violated the ADA.

76. As a direct and proximate result of Defendants' violations of the ADA, Plaintiff has suffered and will continue to suffer the injuries, damages, and losses set forth herein, including lost wages, lost benefits, emotional distress, and other economic and non-economic damages, and has incurred attorneys' fees and costs.

77. The conduct of Defendants, as set forth above, was willful, malicious, and outrageous under the circumstances and warrants the imposition of punitive damages against Defendants.

78. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless this Court grants the relief requested herein.

79. No previous application has been made for the relief requested herein.

## **COUNT II - FMLA**

80. Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

81. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the FMLA.

82. Defendants interfered with Plaintiff's FMLA rights by terminating him shortly after and because he exercised his FMLA rights, including notifying Defendants of his need for FMLA protected medical leave.

83. Defendants retaliated against Plaintiff for exercising his FMLA rights.

84. Plaintiff's exercise of his FMLA rights was considered as a negative factor and was a motivating and determinative factor in Defendants' decision to terminate Plaintiff's employment and its failure to hire Plaintiff into an open position for which he was qualified.

85. Said violations were not in good faith, and Defendants did not have reasonable grounds to believe that the foregoing acts were not in violation of the FMLA.

86. Defendants' violations of the FMLA warrant the imposition of liquidated damages.

87. As a direct and proximate result of Defendants' violations of the FMLA, Plaintiff has suffered damages and losses set forth herein, including lost wages, lost benefits, emotional distress, and other economic and non-economic damages, and has incurred attorneys' fees and costs.

88.　Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' violations of the FMLA unless this Court grants the relief requested herein.

89.　No previous application has been made for the relief requested herein.

## COUNT III - PHRA

90.　Plaintiff incorporates by reference the foregoing paragraphs as if set forth herein in their entirety.

91.　By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants have violated the PHRA.

92.　As a direct and proximate result of Defendants' violations of the PHRA, Plaintiff has suffered and will continue to suffer the damages and losses set forth herein, including lost wages, lost benefits, emotional distress, and other economic and non-economic damages, and has incurred attorneys' fees and costs.

93.　Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendants' discriminatory and retaliatory acts unless this Court grants the relief requested herein.

94.　No previous application has been made for the relief requested herein.

## RELIEF

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendants' unlawful conduct, and specifically prays that the Court grant the following relief to Plaintiff by:

  a.　declaring the acts and practices complained of herein to be in violation of the ADA;

b. declaring the acts and practices complained of herein to be in violation of the FMLA;

c. declaring the acts and practices complained of herein to be in violation of the PHRA;

d. enjoining and permanently restraining the violations alleged herein;

e. entering judgment against the Defendants and in favor of the Plaintiff in an amount to be determined;

f. awarding compensatory damages to make the Plaintiff whole for all lost earnings, earning capacity, and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

g. awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendants' unlawful conduct;

h. awarding liquidated damages to Plaintiff under the FMLA;

i. awarding punitive damages to Plaintiff under the ADA;

j. awarding Plaintiff such other damages as are appropriate under the ADA, the FMLA, and the PHRA;

k. awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

l. granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

                                                **CONSOLE MATTIACCI LAW LLC**

                                   By:    */s/ Kevin Console*
                                                    KEVIN CONSOLE, ESQ.
                                                    1525 Locust Street, 9th Floor
                                                    Philadelphia, PA 19102
                                                    Phone: (215) 545-7676
                                                    kevinconsole@consolelaw.com

Dated: 2/3/2026                                        *Attorneys for Plaintiff*